**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARLENE HILL, ROY GARRETT, Individuals, TRI-COUNTY ENVIRONMENTAL ASSOCIATION, Inc. a Not for Profit Tennessee Public Benefit Corporation PHILLIP ALLEN, Individual, SCOTT DENNIS, DONITA DENNIS Husband & Wife DERRICK DENNIS AND ANDREA DENNIS Husband and Wife** | ) | **CASE NO.1:10-cv-0033** |
| **Plaintiffs,** | ) | **JURY DEMANDED** |
| **v.** | ) | |
| **WASTE MANAGEMENT Inc. OF TENNESSEE, a Tennessee Corporation,** | ) | |
| **Defendant.** | ) | |
| **CEDAR RIDGE LANDFILL, INC. A Tennessee Corporation** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01 (d) (2), the following Initial Case Management Plan is submitted.

**1. JURISDICTION.**

The case is based on federal statutes as pled in the complaint, specifically the Solid Waste Act, Resource Conservation and Recovery Act, (RCRA), the Clean Water Act, (CWA) all of which provide exclusive jurisdiction. Common law claims form part

of the same case and controversy arising under the federal statutes, and the matters cannot be fully separated into unrelated suits.

Defendants Submit the following:

The defendants contend that the Court should not exercise supplemental jurisdiction over the plaintiffs' state common law claims because these claims substantially predominate over the federal question claims and raise novel and complex issues of state law, which would unduly complicate the trial of the issues raised under the two federal statutes. Furthermore, the plaintiffs have no right to a jury trial under the two federal statutes, and the Court's exercise of supplemental jurisdiction over the state claims (on which the plaintiffs do have a right to a jury trial) would unduly complicate the trial of this case.

**2. Plaintiffs' Theory of the Case:**

Plaintiffs allege that the landfill has violated federal environmental statutes, particularly RCRA (solid waste act) and the Clean Water Act, (CWA) by discharging landfill leachate off-site for several years. The Cedar Ridge Landfill in Marshall County is surrounded by streams, specifically East Fork Globe and Vickery, and in part sits over an unstable geologic area with caverns, sink holes, and underground streams. Leachate from the landfill is not being captured and controlled in the liner and pumping systems. Surface discharges of sediment from the cover/filling operations is frequently muddying the streams and overflowing the sediment ponds due to poor management and maintenance by the landfill. The pollutant discharges, both underground and on the surface, are different but significant violations of state and federal environmental laws.

Because plaintiffs own land, live and recreate there, they have special and defined interests. The Hill/Garrett family, for example owns a farm on the northwest side of the landfill and are immediately connected to East Fork Globe. Water quality analysis of East Fork Globe creek on the border of the landfill has been significantly impacted with leachate from the landfill since at least 2007 when the state took samples and declared it a polluted, federally listed stream under the §303 d list. The state has taken no enforcement action on this creek since. Another creek, Vickery Creek runs along the south border of the landfill and has been historically impacted with levels of calcium, manganese, potassium and other 'parameter indicators' that confirm pollutants from the landfill are finding their way off site to the stream. It is undisputed that there are sinkholes and swallets on the landfill, at least one of which leads directly to a spring in the middle of Vickery Creek, south of the landfill. The underground labyrinth is not fully mapped or known by the landfill operators and presents ongoing pollution pathways. Leachate may also be discharging due to other pumping and maintenance failures at the site that are more directly within the control of the operators.

Plaintiffs seek the capping and closure of the site, as it has long outlived it usefulness, is near capacity and has recently been denied an expansion permit by the state for the last available cell due to the unstable geology, sink holes and underground streams over which more garbage would have been placed. Plaintiffs also will seek damages for the private property damage, nuisance and trespass claims.

The site has a long history of taking industrial waste on "special variance" that includes everything from smelter waste and petroleum contaminated soils to recalled beef in its original packaging. The equitable remedies under RCRA allow for the remediation

and monitoring that has long evaded the state and the community. The documented conditions at East Fork Globe constitute, at a minimum, a substantial and imminent harm to the environment and provided a basis for injunctive relief where no enforcement action has ever been taken.

**3. Defendants' Theory of the Case**

The defendants deny that they are in violation of the Clean Water Act or the Resource Conservation and Recovery Act. The defendants contend that the Tennessee Department of Environment and Conservation (TDEC) has performed its role as primary enforcer of the applicable laws and rules governing the defendants' solid waste landfill and that a citizens suit is not necessary or appropriate under either federal statute. The averments of the plaintiffs' Complaint are taken from Director's Orders issued by TDEC and the defendants have fully complied with all requirements imposed by TDEC. Most importantly, the defendants will show that they are not currently in violation of either federal statute or of any state law or rule applicable to the Cedar Ridge Landfill.

The defendants deny that they have created a substantial and imminent risk of harm to the environment or to the plaintiffs or their livestock. The defendants contend that the Cedar Ridge Landfill is not an "open dump" (as defined in 42 U.S.C. §6903(14)), but instead is a "sanitary landfill" (as defined in 42 U.S.C. §6903(26)). The defendants contend that they are in compliance with the requirements of 40 C.F.R. Part 258 governing sanitary landfills.

The defendants contend that the Court should not exercise supplemental jurisdiction over the plaintiffs' state common law claims. The defendants further contend

that their actions have <u>not</u> damaged the plaintiffs or their property and have not interfered with the plaintiffs' uses of their property.

The defendants contend that neither federal statute allows the recovery of damages by citizen suit plaintiffs and that the injunctive relief sought by the plaintiffs is duplicative of the remedial action already required by TDEC and performed by the defendants. The defendants are operating the Cedar Ridge Landfill in accordance with the requirements of their state permits.

**4. Identification of the Issues:**

No issues have been resolved by the parties. The Mutual List of Issues in dispute include but is not strictly limited to:

1. Are the defendants in violation of the Clean Water Act (CWA)?

2. Are the defendants in violation of the Resource Conservation and Recovery Act (RCRA) and 42 U.S.C. § 6903 (14), 42 U.S.C. Section 6944, and 40 CFR §257.1 et seq relating to "open dumps".

3. Whether and to what extent remedial and injunctive relief may be ordered based on a finding of 'substantial and imminent harm' to health and the environment to correct the site discharges.

4. If the defendants are found to be in violation of either federal statute, what additional relief is appropriate including penalties under the statutes, fee and cost recovery ?

5. Whether the Plaintiff property owners are entitled to damages regarding their private property claims, and how much?

**Defendants' Issues for Inclusion:**

6. Are the defendants currently operating the Cedar Ridge Landfill in accordance with the requirements of their state permits, and if so, does this shield them from liability under CWA or RCRA?

7. Should the court exercise supplemental jurisdiction over the common law claims, and if so, have the plaintiffs suffered any damage to their person or property, and what is the amount of those damages?

8. Should this Court abstain from awarding any relief to the plaintiffs because any relief granted by this Court would be duplicative of remedial action already required by TDEC by administrative order?

9. Are the Plaintiffs entitled to a jury trial on any of their claims?

10. Should the court abstain from awarding any relief to the Plaintiffs because any relief granted by this court would be duplicative of remedial action already required by TDEC by Administrative Order.

**5. Need for other Claims, Special Issues:**

Parties are not aware of any at this time.

**6 – 8, Witnesses, Discovery and Staging Discovery:**

The Parties are in agreement in proposing that a three (3) month stay of the case be put into effect, with the exception of setting, and completing the deposition of James Clark, a state employee and geologist who is leaving the state for military duty/training. His deposition is to be set during the last 10 days of June by stipulation.

During the three month period, the parties will actively produce and exchange documents, conduct site inspections and identify witnesses to determine the scope of the discovery to be staged and completed when the 3 month period ends.

The purpose of the stay is to use this time to define the areas of disputed discovery, exchange technical information on an expedited basis if it is not subject to dispute and use the resulting information to provide a reasonable and useful schedule for the litigation of this matter. Both parties recognize the technical issues are complex and wish to sort the resolvable items from the unresolvable after an expedited exchange of information.

**10. Subsequent Case Management Conference:**

The parties proposed that the follow-up Case Management Hearing be scheduled during the week of September 20th, 2010 at the court's preference. Counsel is available that week for scheduling. Tuesday, Sept 21, 2010 at 10:30 Parties can request it be by telephone at that time.

**11. The Parties agree that alternative dispute resolution may be appropriate in this case.**

**12. Consent to trial before Magistrate Judge:**

The Parties may agree to have the Magistrate Brown try the case, and wish to reserve the issue for a brief period while it is discussed further.

If this is agreeable to the court, a stay order will be proposed for staging discovery and dispositive motions based on information gained in September 2010.

So ordered

~~PROPOSED ORDER~~ [signature] USMJ

~~APPROVED FOR ENTRY~~: