IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| DARLENE HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:10-cv-00033 |
| v. | ) | Judge Haynes/Brown |
| | ) | **Jury Demand** |
| WASTE MANAGEMENT, INC. OF | ) | |
| TENNESSEE, and CEDAR RIDGE | ) | |
| LANDFILL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Two Motions are currently pending before the Magistrate Judge, a Motion to Quash Subpoena Duces Tecum by objector Tennessee Department of Environment and Conservation ("TDEC") and Plaintiff's Motion to Compel Deposition of James Clark. (Docket Entries 18, 30). The parties and TDEC have filed numerous memoranda, responses, replies, and supplemental filings to these two motions. (Docket Entries 19, 23, 25, 26, 27, 31, 32). The Magistrate Judge held a telephone conference with the parties and TDEC on July 7, 2011. (Docket Entry 28). For the reasons set forth below, TDEC's Motion to Quash is **DENIED** and Plaintiff's Motion to Compel is **GRANTED**.

As an initial matter, the parties'[1] disputes have been narrowed. With regard to the Motion to Quash, TDEC has agreed to produce all "technical data" submitted by Waste Management ("WM"), leaving the production of the draft Memorandum of Understanding ("MOU")

---

[1] For purposes of this Order, "parties" includes TDEC unless otherwise indicated.

discussions at issue. TDEC has provided a privilege log containing five (5) documents subject to the settlement privilege and deliberative process privilege. (Docket Entry 29). TDEC has also agreed to allow James Clark to testify to most of Plaintiffs' inquiries, with the exception of "the disclosure of any opinions or recommendations made by TDEC employees or officials during TDEC's *internal* settlement discussions and meetings attended by members of TDEC's Office of General Counsel, the Attorney General's Office and/or the Commissioner or Deputy Commissioner." (Docket Entry 31-1, emphasis in original). Because the parties appear to agree that any internal discussions where members TDEC's Office of General Counsel or the Attorney General's Office were present would be privileged, the remaining area of contention with regard to Clark's deposition is whether the meetings with the Commissioner or Deputy Commissioner are somehow protected from disclosure.

Both of these Motions concern the scope and application of Tennessee's Public Records Act ("PRA"), Tenn. Code Ann. § 10-7-505.[2] The PRA provides for broad access to public records, and any entity that argues certain records need not be disclosed has the burden of proof for justification of the nondisclosure. Tenn. Code Ann. § 10-7-505(c). The Tennessee Supreme Court noted that the PRA "create[s] a presumption of openness and express[es] a clear legislative mandate favoring disclosure of governmental records." *Schneider v. City of Jackson*, 226 S.W.3d 332, 340 (Tenn. 2007). Due to the broad construction directed by the General Assembly, "unless an exception is established, [courts] must require disclosure 'even in the face of serious countervailing considerations.'" *Id.* (quoting *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.2d 681, 684 (Tenn. 1994)). Further, "unless it is clear that a record or class of records is

---

[2] The parties apparently agree that Tennessee law applies to this issue.

legally exempt from disclosure, the requested record must be produced." *Konvalinka v. Chattanooga-Hamilton County Hosp. Authority,* 249 S.W.3d 346, 360 (Tenn. 2008). *See also Swift v. Campbell*, 159 S.W.3d 565, 572 (Tenn. Ct. App. 2005).

TDEC claims that the draft settlement agreements (*i.e.*, drafts of the MOU) are entitled to a settlement privilege. The settlement privilege is well-settled in federal courts and, with regard to admissibility, is codified in Fed. R. Evid. 408; Tenn. R. Evid. 408 is the state counterpart. *See*, *e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976, 980 (6th Cir. 2003). TDEC's argument is, in essence, that the settlement negotiations in the administrative proceedings before the Tennessee Solid Waste Disposal Control Board ("SWDCB") are equal to settlement negotiations in a state or federal civil case and, therefore, not subject to the PRA.

The Magistrate Judge does not find it necessary to determine whether Tennessee state law provides a settlement privilege exception to the PRA.[3] This is not a case where the state is a party to a lawsuit; the SWDCB "hear[s] appeals of Department actions in enforcement and permitting." The Official State of Tennessee's Department of Environment and Conservation, *Boards and Commissions, The Solid Waste Disposal Control Board*, at http://tn.gov/environment/boards/swdcb/. The SWDCB therefore acts as an extension to TDEC's permitting procedure in this case. For the same public policy considerations that the permitting procedure records would be open, the Magistrate Judge believes no settlement privilege applies to the five (5) documents for which it is claimed.

---

[3] The Magistrate Judge believes, however, that TDEC has likely not carried its burden of showing that such an exception exists under Tennessee law.

TDEC also claims that these documents and certain portions of Mr. Clark's testimony are precluded by deliberative process privilege. The deliberative process privilege protects "the communications between high government officials and those who advise and assist them in their performance of their official duties." *Swift*, 159 S.W.3d at 578 (citing *United States v. Nixon*, 416 U.S. 683 (1974)). In *Swift*, the Tennessee Court of Appeals discussed and rejected this privilege as applicable to documents used by an assistant district attorney general preparing for a hearing in state court. *Id*. at 579. The court recognized that some situations would be protected by this privilege, depending on the governmental official or officials involved. For example, "the Governor may properly invoke this privilege, should he or she care to, in meetings with staff or cabinet members." *Id*. at 578.

TDEC asserts that discussions between the TDEC Commissioner and/or Deputy Commissioner with TDEC staff would invoke this privilege, protecting these discussions and the draft MOUs from disclosure to Plaintiffs. The Magistrate Judge disagrees. It is not at all clear from *Swift* that the deliberative process privilege would apply to discussions between state cabinet members and their staffs. The Magistrate Judge agrees that "the deliberative process privilege must be applied cautiously because it could become the exception that swallows up the rule favoring governmental openness and accountability." *Id*. Exactly which officials may invoke this privilege is a question that has not been answered, beyond the Governor and the General Assembly. *Id*. Where the exception is not clearly defined in statutory or common law, the Magistrate Judge believes Tennessee law requires disclosure under the PRA. *See Konvalinka*, 249 S.W.3d at 360.

For the foregoing reasons, TDEC's Motion to Quash is **DENIED**, and TDEC is **ORDERED** to produce, within seven (7) days of this Order, the five (5) documents identified in Docket Entry 29. Plaintiff's Motion to Compel is **GRANTED**, and Mr. Clark is **ORDERED** to attend his deposition scheduled on August 8, 2011. In accordance with this Order, Mr. Clark may testify regarding the content of all internal settlement discussions and meetings attended by the Commissioner or Deputy Commissioner, but not to the content of discussions or meetings attended by members of TDEC's Office of General Counsel or the Attorney General's Office.

It is so **ORDERED**.

ENTERED this 22nd day of July, 2011.

/S/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge